## HEMMING v. S. S. KRESGE CO.

No. 2607.

District Court, D. Connecticut.

Oct. 20, 1938.

Rockwell & Bartholow and Edmund M. Bartholow, all of New Haven, Conn., for plaintiff.

Bean, Brooks, Buckley & Bean and Edwin T. Bean, all of Buffalo, N. Y., for defendant.

THOMAS, District Judge.

This is a suit brought by the plaintiff against the Kresge Company to restrain the alleged infringement of U. S. Letters Patent No. 1,685,588, granted to the plaintiff on September 25, 1928, for table cutlery. Title to the patent in suit in plaintiff is admitted.

The bill charges the defendant with infringement as to certain table cutlery sold by it, and made by the Robinson Knife Company of Springville, New York, and seeks an injunction, accounting and damages. The defense in this case has been conducted by the manufacturer.

Infringement is charged of claims 2 and 3 which are in suit, and they read:

"2. In combination with a cutlery blade having a tang, a handle having a tang-receiving bore formed in one end thereof, said bore being of relatively short length and having closed sides and a bottom, the lower part of the bore being of a size to frictionally engage and center the tang in the bore and the upper part of the bore being of greater diameter than the width of the tang and having lateral recesses opening thereinto, and a metal filler in the bore completely filling the recesses and spaces unoccupied by the tang and extending above the said end of the handle and enclosing the adjacent part of the tang so as to form a bolster and to simultaneously anchor the blade to the handle without exposure of the part of the filler within the handle.

"3. In combination with a cutlery blade having a tang, a handle having a tang-receiving bore formed in one end thereof, said bore being of relatively short length and having closed sides and a bottom, and having lateral recesses opening thereinto, and a metal filler in the bore completely filling the recesses and spaces unoccupied by the tang and extending above the said end of the handle and enclosing the adjacent part of the tang so as to form a bolster and to simultaneously anchor the blade to the handle without exposure of the part of the filler within the handle."

The patent in suit and the invention defined by the above claims relate to the manufacture of table cutlery, and particularly to that type of cutlery in which the tool portion of the article is provided with a tang to be received in a bore or socket provided in the handle portion of the implement. While the patent discloses a knife illustrative of the application of the

invention, the latter may be used with other types of table cutlery, such as forks and spoons.

In so far as relevant to this case, there are two methods of joining the tool portions of cutlery and the handles thereof. One method is the poured filler method. It consists of so forming a tang on the tool portion and a bore in the handle that when the tang is inserted in the bore, and the bore is then filled with molten filler material, the latter, upon cooling and hardening, will form an interlock between the parts.

The second method is the plastic handle method. It consists of providing the tang of the tool portion with a suitable enlargement and of then molding or otherwise forming the handle over the said enlargement. When the handles are made of certain plastic compositions, such as ebonite, xylonite, celluloid or Catalin, they may be pre-formed with a bore corresponding generally in shape to the tang and its enlargement, and may then be softened by heat and the tang and its enlargement inserted into the bore. Subsequent cooling results in a contraction of the handle, interlocking the tang with the handle.

The patent in suit describes and claims a poured filler method but the claims in suit define an article which plaintiff avers contains no process limitations, but are truly article claims and are infringed by an article having the structure recited in the claims, regardless of whether or not it is made by the poured filler method or by the plastic handle method.

Going now into the details of the invention described in the patent in suit, it will be noted that the handle portion of the implement is provided with a bore of relatively short length, said bore having closed sides and a bottom, which serve to receive the tang on the tool portion of the cutlery. The bore has a portion of greater diameter than the tang and is provided with lateral recesses opening thereinto. According to the method described in the patent, the tang is inserted into the bore with its heel portion projecting above the handle. This heel portion and part of the handle are then enclosed in a mold, the latter having bolster molding faces around said heel portion. A fusible metal is then introduced into the mold to fill the spaces between the bore and tang and the recesses, and to simultaneously fill said bolster molding faces, whereby the tang is connected to the handle and the bolster is formed without exposure of that part of the filler which is disposed within the handle.

According to the specification, page 1, lines 80 to 89, inclusive: "The gist of the invention consists in providing means whereby the conventional plug of fusible metal having a bolster and tail piece, is anchored in the handle. As before mentioned, this consists in providing one or more indentations or recesses extending laterally from the bore in the handle to be filled with the same fusible metal comprising the bolster and its tail piece and to form an integral part of the latter."

The usual defenses are relied on, namely: 1. Invalidity of the claims in view of the prior art; and 2. Non-infringement.

In considering the prior art, it should be borne in mind that the claims are narrower than what the patentee described in the patent as the gist of his invention, the claims having been limited in view of the prior art cited by the Patent Office during the prosecution of the application which resulted in the patent in suit. Plaintiff now asserts that his contribution to the art consists in providing a bore in the handle having lateral recesses opening thereinto; a filler in the bore extending into said recesses without exposure of the filler upon the outside of the handle; the filler at the same time forming the knife bolster. On reading claim 2 it is found that it is even narrower than what the patentee believes to be his contribution to the art in that it calls for a bore, the lower part of which is of a size to frictionally engage and center the tang in the bore, the upper part of the bore being of a greater dimension than the width of the tang.

An examination of the prior art patents and those which are cited to illustrate the state of the prior art convinces me that the patent in suit was improvidently granted by the Patent Office. U. S. patent No. 179,482, granted to Leonard on July 4, 1876, describes table cutlery, such as a knife, the blade of which is constructed with the flat tang C, having a screwthread cut on its two edges. The handle is bored out to form a cylindrical cavity, the diameter of which corresponds to the threaded tang. Into this cavity the tang is screwed, the thread working its way until the blade is drawn toward the han-

dle into its proper relative position. Then, placed in suitable molds, metal is poured around the heel of the blade to form the bolster, and this metal flows into the cavity in the handle on each side of the tang as shown in Fig. 3. This inseparably secures the handle and blade together. In other words, it was not new with the plaintiff to secure the tang of a cutlery implement to the handle portion thereof by means of a filler which at the same time forms the bolster. While the Leonard patent does not disclose a tang which is of a width smaller than the diameter of the bore in the handle and does not describe lateral recesses in the handle opening into the bore, I find that these features were not new with the plaintiff as they are shown and described in Swiss patent No. 100,000 of 1923. From this it would appear that all the elements of the combination claimed are old. Therefore the only question which arises is whether each element of the claims in suit operates only in the old way or whether one or more of the same give any additional efficiency to the others, or change in any way the mode or result of their actions. I find that all the patentee did was merely to bring together a plurality of well-known elements, each of which works independently of the other in the same way as they acted in their separate locations. It is an accepted rule of the law of patents that inventive idea is not ordinarily present in the conception of a combination which merely brings together two or more functions to be availed of independently of each other. The mechanism which accomplishes such a result, and no more, is ordinarily spoken of as a mere aggregation.

■ Looking at the controversy from another viewpoint it may be said that the Leonard patent discloses the plaintiff's invention with the exception that it does not provide for as efficient interlocking of the elements as the patent in suit. It may be said that the screw-threads of Leonard are not as efficient in their opera-

tion as the lateral recesses in the handle bore of the patent in suit when they cooperate with the projections on the filler. Assuming that to be so, I hold that no more ingenuity and skill in applying the old method of fastening the tang and handle of the Leonard patent were required in the provision of the lateral recesses of the patentee than were possessed by an ordinary mechanic well acquainted with the business of manufacturing cutlery described in the patent in suit. Therefore, there was an absence of that degree of skill and ingenuity which constitute the essential elements of every invention. In other words, the alleged improvement of the patentee is the work of the skillful mechanic, not that of an inventor.

In view of the foregoing, I hold that claim 3 of the patent in suit is invalid for lack of invention.

■ Claim 2 is somewhat narrower, as above stated, by specifying a centering means for the tang in the handle bore. This feature is not present in the patents relied on by the defendant and seems to have considerable merit. Therefore, I conclude that claim 2 is valid.

As to the infringement of claim 2 very little need be said. This claim specifies a handle bore which is generally of a diameter greater than the width of the tang, but its lower part is of a size to frictionally engage and center the tang.

In defendant's cutlery the handle bore is of the same diameter throughout its length and is smaller than the width of the tang so that the latter deforms the bore. Consequently, the accused device does not infringe claim 2 of the patent in suit, which I hold to be valid. For the reasons given the bill must be dismissed.

This opinion shall stand as the findings of fact and conclusions of law required under Rule 52 of the New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and an order so providing must be embodied in the decree. Submit decree accordingly properly consented to as to form.